**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ADMIRALTY POINT CONDOMINIUM
ASSOCIATION, INC.,

                        Plaintiff,

-vs-                                                       Case No. 2:09-cv-581-FtM-29SPC

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

                        Defendant.
_____

**ORDER**

This matter comes before the Court on the Defendant American Bankers Insurance Company of Florida's Motion to Set Aside Entry of Default (Doc. #12) filed on February 5, 2010. On February 15, 2010, the Plaintiff filed its Response in Opposition (Doc. # 14). The Motion is now ripe for review.

The Plaintiff argues that good cause does not exist to set aside the Clerk's Default. The Court may set aside the entry of a Clerk's Default for "good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard which varies from situation to situation. Sobkowski v. Wyeth, Inc., 2004 WL 3569703 *2 (M.D. Fla. June 4,2004) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1986)). It is also a liberal standard- "but not one so elastic as to be devoid of substance." Sobkowski, 2004 WL 3569703 at *2.

Although there is no set formula for determining whether good cause exists, federal courts commonly apply the following guidelines: (1) whether the default was the result of culpable conduct on the part of the defendant; (2) whether the plaintiff would be prejudiced if the default should be

set aside; and (3) whether the defendant presents a meritorious defense. Id. (citing In re Dierschkle, 975 F. 2d 181, 183 (5th Cir. 1992)). These factors are guidelines only and thus "[w]hatever factors are employed, the imperative is that they are regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Sobkowski, 2004 WL 3569703 at *2 (citing Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F. 2d 190, 194-195 (6th Cir. 1986)).

As grounds, the Defendant states that good cause exists to remove the Clerk's Default. Specifically, the Defendant states that Patricia Quint, the claims director who handles the flood claims, did not receive notice from the Tallahassee, Florida office until January 4, 2010. Quint works out of Scottsdale, Arizona. However, Quint was out on two (2) weeks vacation when the notice arrived and did not return until January 7, 2010. Quint mistakenly believed that she had sixty (60) days from January 7, 2010, to answer the lawsuit. The Summons notified the Defendant that it had sixty (60) days to respond. Thus, Quint did not even assign the lawsuit until February 1, 2010.

After reviewing the Defendant's Motion, the Court finds that good cause exists to remove the Clerk's Default and to proceed with the case.

Accordingly, it is now

**ORDERED:**

The Defendant American Bankers Insurance Company of Florida's Motion to Set Aside Entry of Default (Doc. #12) is **GRANTED**.

(1) The Clerk of the Court is hereby directed to lift the Clerk's Default (Doc. # 10) entered against the Defendant American Bankers Insurance Company of Florida.

(2) The Defendant has up to and including **Monday, March 8, 2010**, to file its answer or responsive motion to the Plaintiff's Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of February, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record